IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-7-BO-2
No. 5:18-CV-301-BO

| | |
|---|---|
| MICHAEL ANTHONY MITCHELL, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. )<br>_____ ) | O R D E R |

This cause comes before the Court on petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 153]. Respondent has moved to dismiss the Section 2255 petition. [DE 157]. These matters are ripe for disposition. Petitioner has also filed a motion for an expanded briefing schedule to enable him to respond to the motion to dismiss. [DE 160]. As Federal Rule of Civil Procedure 12 already gives petitioner the right to file a response to the motion to dismiss, and petitioner did file such a response, his motion for an expanded briefing schedule [DE 160] is DENIED AS MOOT. For the reasons discussed below, respondent's motion to dismiss [DE 157] is GRANTED, and petitioner's Section 2255 motion [DE 153] is DISMISSED.

BACKGROUND

In 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. [DE 62]. In his plea agreement, petitioner acknowledged "that the sentence ha[d] not yet been determined, that any estimate of the sentence received from any source [was] not a promise, and that even if a sentence up to the statutory

maximum [was] imposed," petitioner could "not withdraw the plea of guilty." [DE 62, p. 5]. Petitioner also agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct." [DE 62, p. 1–2].

In December 2016, Judge Fox sentenced petitioner to 219 months' imprisonment, a lifetime term of supervised release, and a special assessment. [DE 78]. Petitioner appealed. [DE 80]. In July 2017, the Fourth Circuit dismissed petitioner's challenges to his prison sentence, relying on the waiver of appellate rights contained in petitioner's plea agreement. [DE 128].

In June 2018, petitioner filed a motion to vacate, amend, or correct his sentence under 28 U.S.C. § 2255. [DE 153]. Petitioner claims that (1) counsel was ineffective in failing to "object effectively" to drug weights attributed to him in the Presentence Investigation Report (PSR), (2) counsel was ineffective in failing to negotiate a binding plea agreement, (3) and petitioner's imprisonment term amounts to a miscarriage of justice. [DE 153-1, p. 7–15]. Respondent moved to dismiss the Section 2255 petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 157, 158].

## DISCUSSION

The government argues that petitioner's Section 2255 petition must be dismissed for a variety of reasons. A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further

2

investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner's first two claims must be dismissed for failure to state a claim for ineffective assistance of counsel. Since *Strickland v. Washington*, 466 U.S. 668 (1984), in stating a claim for ineffective assistance of counsel under the Sixth Amendment, petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When specifically challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner first claims that counsel was ineffective in failing to "object effectively" to the drug weight attributed to petitioner in his PSR. [DE 153-1, p. 3]. But counsel did object at sentencing to the drug weight, noting that the defense and the government both shared the same objection. [DE 102, p. 5]. Judge Fox then overruled the joint objection. *Id.* It is clear that counsel's conduct was "within the wide range of reasonable professional assistance" and did not fall "below an objective standard of reasonableness." *See Roane*, 378 F.3d at 404; *Sharpe*, 593 F.3d at 382. Thus, petitioner's first claim must be dismissed.

3

Petitioner next claims that counsel was ineffective in failing to negotiate a binding plea agreement. Under Federal Rule of Criminal Procedure 11(c)(1), there are three types of plea agreements: 11(c)(1)(A) "charge bargains," 11(c)(1)(B) non-binding sentence agreements, and 11(c)(1)(C) binding sentence agreements. Fed. R. Crim. P. 11. With "Type C" pleas, the Court is bound to either accept or refuse the agreed-upon plea. With "Type B" pleas, the Court receives a sentencing recommendation but is not bound to accept a particular term. Here, petitioner agreed to an 11(c)(1)(B) plea agreement, but argues that counsel was ineffective in failing to negotiate an 11(c)(1)(C) agreement which would have enabled him to withdraw his guilty plea if the Court had declined to accept the recommended sentence. [DE 153-1, p. 6–7]. But petitioner has not alleged sufficient facts to show that defense counsel could have obtained such an agreement from the government. Petitioner has not alleged that he would instead have accepted this hypothetical binding plea, rather than the non-binding plea which he did accept. Under *Strickland*, petitioner has not demonstrated that counsel's negotiation of a non-binding rather than a binding plea was objectively unreasonable. As such, petitioner's second claim must be dismissed.

Petitioner's third claim must be dismissed because it has been waived. Petitioner argues that "fundamental defects in the way the Court arrived at its sentencing determinations" made his term of imprisonment "a miscarriage of justice." [DE 153-1, p. 9]. Primarily, petitioner argues that his sentence was disproportionate to his co-defendant's sentences, and he attributes this to the Court overruling a particular objection to drug weights attributed to petitioner in his PSR. [DE 153-1, p. 10–14]. The government argues that petitioner waived his right to bring this claim. [DE 158, p. 5]. In his plea agreement, petitioner acknowledged that he could not challenge his sentence in a Section 2255 petition subject to exceptions which are inapplicable to this third claim. [DE 62, p. 1–2]. The Fourth Circuit relied on the waiver in petitioner's plea agreement in dismissing his

challenges to his sentence on direct appeal. [DE 128]. Thus, petitioner's right to bring this claim was waived in his plea agreement and it must be dismissed.

In sum, petitioner has failed to state a claim upon which relief may be granted, and his Section 2255 petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 157] is GRANTED, and petitioner's Section 2255 motion [DE 153] is DISMISSED. Petitioner's motion for an expanded briefing schedule is DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED, this 7 day of October, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5